J-S64009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM GEORGE | : | |
| | : | |
| Appellant | : | No. 202 MDA 2017 |

Appeal from the PCRA Order November 23, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002215-2005

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 08, 2017**

Appellant, Kareem George, contends he is not receiving the benefit of the agreement he entered into when he pled guilty to charges of third-degree murder and associated crimes. Specifically, he argues the agreement required his sentences for those crimes (collectively, "the third-degree murder sentences") run concurrent to any sentences he was serving due to parole violations. He claims that in December 2015, he learned his parole violation sentences were not run concurrent to the third-degree murder sentences. He therefore filed this petition seeking to have the terms of his plea agreement enforced. After careful review, we vacate and remand for further proceedings.

To raise his claims, George filed a *pro se* Post Conviction Relief Act ("PCRA") petition, asking to have his sentence modified to reflect the terms

_____

* Former Justice specially assigned to the Superior Court.

of his plea agreement. In response, the court below dismissed the petition as untimely under the PCRA's strictures.

However, Pennsylvania courts have consistently treated petitions to enforce plea agreements as contract enforcement actions, not as petitions under the PCRA. A "prosecutor is duty bound to fulfill the promises made in exchange for the defendant's guilty plea." **Commonwealth v. Martinez**, 147 A.3d 517, 532 (Pa. 2016) (citation omitted). "Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury." **Id**. (quotation marks and citation omitted). As a result, a convict is entitled to specific performance of their plea agreement. **See id**.

Thus, George's petition, though self-titled as a PCRA petition, does not fall under the ambit of the PCRA. It is not subject the PCRA's timeliness requirements. It is properly treated as a petition to enforce the terms of his plea agreement.

In his petition, George alleges the prosecutor and trial court agreed to run the third-degree murder sentences concurrent to "any [p]arole sentence on the technical violations." Petition, filed 2/8/16, at 4. Indeed, the transcript of his sentencing supports his assertion:

> [DEFENSE COUNSEL]: We would ask as discussed at sidebar that you make this sentence concurrent[] with the technical

parole violation he's already received from his green sheet of a one year sentence.

THE COURT:          To the extent that I can.

[DEFENSE COUNSEL]:  As you can by law. And then we would – I think that's how we covered the parole issue. Am I right, Kareem?

[GEORGE]:          Yes.

THE COURT:          … Mr. George, I just want to be crystal clear, to the extent that I can make it concurrent with your technical violations I would do that. But I'm not even so sure I can do that. I just want to be clear with you that that may not happen. Do you understand that?

[GEORGE]:          (Nods head.)

THE COURT:          I'm recommending it. I'm stating that for the record. But that can be ignored by the Parole Board. Do you understand that?

[GEORGE]:          Yes.

THE COURT:          I just don't want you – I want to be crystal clear about that. You understand it?

[GEORGE]:          (Nods head.)

N.T., Sentencing, 8/27/07, at 9-10. The prosecutor did not object or seek to modify these comments in any way. ***See id***.

When it imposed sentence, the court noted, "[t]o the extent that the [c]ourt can, this sentence can run concurrently with the sentence that the – parole sentence on the technical violations. That's pursuant to the plea agreement." ***Id***., at 27. The court again qualified this statement by admitting it might not have the authority to impose concurrent sentences.

*See id*. In the event that the court was found to not have that authority, "we'll give the [George] the appropriate time credit." *Id*.

Thus, it appears that running the third-degree murder sentences concurrent to at least one parole violation sentence was part of George's plea agreement. He has filed a document purporting to be a summary status of sentence sheet dated December 14, 2015. This document indicates George began serving his third-degree murder sentences on December 9, 2015, or eight years after he pled guilty. It identifies a sentence that expired on December 8, 2015 as the cause of the delayed start of his third-degree murder sentences. However, it does not provide any other details about this prior sentence.

We have been unable to locate any other evidence regarding the nature of the prior sentence in the record. Thus, we are unable to determine what exact parole violation sentence(s) the agreement covered. Nor are we able to determine the nature of the prior sentence that expired on December 8, 2015.

These facts are crucial to assessing the merit of George's claim. It may be that George received the benefit of the bargain, and the sentence about which he currently complains was not part of the plea agreement. For example, the plea agreement refers only to technical parole violation sentences. A technical violation of parole is the violation of any term of parole other than the commission of a new crime. *See* 61 Pa.C.S.A. §

6138(c). If the sentence George is complaining of now was imposed for a technical violation, it would appear his claim has arguable merit.

On the other hand, if the parole revocation sentence that forms the basis of George's current complaint was imposed due to his commission of a new crime, it would appear the plea agreement did not cover it. Indeed, it appears that even if the plea agreement had covered such a sentence, the court had no power to enforce the agreement. *See* 61 Pa.C.S.A. § 6138(a)(5); *Kerak v. Pennsylvania Bd. of Prob. & Parole*, 153 A.3d 1134 (Pa. Cmwlth. 2016).

Given the confusion as to the proper procedure for handling George's petition, and the possible merit to his claim, we vacate the order dismissing his petition and remand for proceedings to clarify the status of the sentence that expired on December 8, 2015. If they so desire, both parties may also present evidence regarding the scope of the plea agreement. The court may then determine whether George has received the benefit of his plea agreement.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

- 5 -