J-S23013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH THOMPSON | : | |
| | : | |
| Appellant | : | No. 2444 EDA 2023 |

Appeal from the Order Entered August 30, 2023
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001901-2019

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 18, 2024**

Appellant, Elijah Thompson, appeals *pro se* from the August 30, 2023, order of the Court of Common Pleas of Northampton County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

On August 28, 2019, Appellant entered a negotiated guilty plea to resisting arrest and disorderly conduct. That same day, the trial court sentenced Appellant to an aggregate term of three to twelve months' incarceration.[1] Appellant did not file a post-sentence motion or a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court ordered that Appellant's aggregate sentence would run concurrently to any other sentence Appellant was serving at the time of
*(Footnote Continued Next Page)*

Appellant filed his first *pro se* PCRA petition on March 23, 2021, in which he argued, *inter alia*, that the discovery that his county sentence could not run concurrent with his state sentence qualified as governmental interference and/or newly discovered facts for purposes of the timeliness of his petition.

After appointing counsel, on February 22, 2022, the PCRA court dismissed his first petition as untimely. We affirmed the dismissal on February 7, 2023. **See Commonwealth v. Thompson**, No. 853 EDA 2022, unpublished memorandum (Pa. Super. filed February 7, 2023).

On October 5, 2021, while the proceedings pertaining to the first PCRA petition were pending, Appellant filed his second PCRA petition. Therein, Appellant argued that he filed a timely post-sentence motion (seeking to withdraw his guilty plea) and a notice of appeal, which the trial court clerk either never received or did not docket.[2] On July 11, 2022, the PCRA court denied relief.

_____

sentencing. **See** Sentencing Order, 8/28/19. However, when an individual on state parole is convicted of a new offense and sentenced to serve a term of incarceration in a county jail, the parolee must serve the new sentence before being recommitted to serve his backtime following the revocation of his parole. **See** 61 Pa.C.S.A. § 6138(a)(5)(iii); **see also Kerak v. Pennsylvania Bd. of Prob. & Parole**, 153 A.3d 1134, 1141 (Pa. Cmwlth. 2016) (en banc) (observing that under Section 6138, a parolee's new sentence cannot run concurrently with his backtime); Pennsylvania Bd. of Prob. & Parole, Notice, 1/21/20 (Exhibit B to Defense Counsel's Petition to Strike Pro Se Appeal, 7/12/21) (Appellant must complete county sentence before being recommitted to state custody).

[2] According to Appellant the motion and the appeal were filed in "September of 2019." Appellant's Brief at 1.

We quashed the appeal because the PCRA court lacked jurisdiction to dismiss the second PCRA petition while the appeal from the first PCRA petition was pending. ***See Commonwealth v. Thompson***, No. 1859 EDA 2022, unpublished memorandum (Pa. Super. filed January 9, 2023) and ***Commonwealth v. Thompson***, No. 1466 EDA 2022, unpublished memorandum (Pa. Super. filed January 9, 2023).

On February 21, 2023, Appellant filed an appeal from the PCRA court's notice to deny Appellant's PCRA petition.[3]  We quashed the appeal as interlocutory. ***See Commonwealth v. Thompson***, No. 552 EDA 2023, Order (Pa. Super. filed July 18, 2023).

On July 27, 2023, Appellant filed a "Pro se response," which the PCRA court treated as a new PCRA petition.  On August 30, 2023, the PCRA court denied Appellant's PCRA petition.  This appeal followed.

Throughout most of the PCRA proceedings, including the instant appeal, Appellant essentially claims that: (i) police officers did not have probable cause to arrest him and (ii) the untimeliness of the underlying PCRA petition is attributable to governmental interference (*i.e.*, Appellant claims that he timely filed a motion to withdraw his guilty plea and the fact said motion was not properly recorded by the clerk is attributable to the clerks of court) and/or

---

[3] The record remitted to us does not clarify whether the PCRA court denied Appellant's second PCRA petition or a subsequent one.  Nonetheless, it would seem that the PCRA court denied Appellant's second PCRA petition.

newly discovered facts (*i.e.*, the discovery that the county sentence could not run concurrently to the state sentence) exceptions.

It is well-established that we cannot review the merits of Appellant's contentions (here, Fourth Amendment violations) unless the underlying petition is timely. Because the underlying PCRA petition is facially untimely,[4] Appellant must show he meets one of the exceptions to the rule. Here, Appellant argues that timeliness is warranted under the governmental interference[5] and/or newly discovered facts[6] exceptions.

There are several problems with both allegations. First, the timeliness grounds were raised and addressed in previous proceedings. In those instances, we noted that Appellant had failed to plead and prove the applicability of any exception to the standard PCRA timeliness rule.

---

[4] Appellant's judgment of sentence became final on September 27, 2019, the date on which the time to file a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3), Pa.R.A.P. 903(c)(3). Accordingly, the deadline to file a timely PCRA petition was September 28, 2020. Therefore, Appellant's instant PCRA petition, filed on July 27, 2023, is facially untimely.

[5] To demonstrate the governmental interference exception, the petition must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See*, *e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

[6] To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017).

- 4 -

Here, Appellant again renews his argument that the underlying petition is timely under the governmental interference and/or the newly discovered facts exceptions. However, Appellant nowhere explains (i) why he waited approximately 4 years (from September 2019, the date on which he discovered the alleged interference/new facts, to July 2023, the date of filing the underlying PCRA petition) to bring the governmental interference claims or (ii) how the new facts allegation qualifies as "newly discovered" facts (*i.e.*, county sentence cannot run concurrently to state sentence) considering that he had known of their existence since 2020. Because Appellant is unable to prove the timeliness of the underlying petition, we conclude that the PCRA court did not err in finding the underlying petition untimely.

Finally, a review of the record suggests that Appellant is no longer entitled to PCRA relief because he served the sentence at issue here. As indicated, he was sentenced in August 2019 to an aggregate sentence of 12 months' incarceration, to run concurrently to other county sentences Appellant was serving in 2019. The latest expiration date of his August 2019 sentence would be August 2020. Because the instant petition was filed in July 2023, Appellant is no longer entitled to PCRA relief. ***See***, ***e.g.***, ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  12/18/2024