IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Kuilan,                          :
                    Petitioner          :
                                        :
        v.                              : No. 776 C.D. 2024
                                        : Submitted: August 8, 2025
Pennsylvania Parole Board,              :
                    Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED: November 10, 2025


        Carlos Kuilan (Kuilan) petitions for review of the Pennsylvania Parole
Board's (Board) May 23, 2024 order (Order) which denied Kuilan's claim that his
parole revocation hearing was untimely and affirmed its September 28, 2023
decision (Decision) recommitting Kuilan as a convicted parole violator (CPV) to
serve 24 months of incarceration in a state correctional institution (SCI). Kuilan
challenges the timeliness of his revocation hearing. After review, we affirm.

## BACKGROUND

        On September 22, 2021, the Board released Kuilan on parole. Certified
Record (C.R.) at 34. At the time of his release, Kuilan had a maximum sentence
date of September 13, 2024. *Id*. at 23. On December 14, 2021, the Office of
Attorney General arrested Kuilan for new drug-related charges, and the Department

of Corrections issued its warrant to commit and detain him. *Id*. at 42. On April 4, 2023, a jury found Kuilan guilty of the new charges. *Id*. at 49, 53-55. Then, on June 21, 2023, the Court of Common Pleas of Northampton County (common pleas) sentenced Kuilan to serve a term of incarceration at an SCI of 84 months minimum to 168 months maximum, followed by a term of incarceration of 6 months minimum to 12 months maximum. *Id*. at 49, 53-55.

On July 7, 2023, Kuilan waived his right to a panel hearing. *Id*. at 47. On August 30, 2023, the Board held Kuilan's revocation hearing. *Id*. at 56. At the hearing, Counsel objected to the hearing's timeliness, asserting "the conviction date articulated in the notice and in the document supporting conviction was April 4, 2021." *Id*. at 63. Counsel argued the "date of conviction starts the court's obligation to provide a due process hearing within a reasonable amount of time. Two years and four months is unreasonable." *Id*. In response, Parole Agent Manuel (Agent) explained the form had a typographical error and the conviction was not on April 4, 2021, but rather occurred on April 4, 2023. *Id*. at 64. Moreover, he explained he received official verification of Kuilan's conviction on July 5, 2023, and noted Kuilan was not available to the Board before that date because he had been incarcerated at the county. *Id*.

Following the revocation hearing, the Board issued its Decision recommitting Kuilan as a CPV to serve 24 months of incarceration for his new convictions. *Id*. at 84-85. The Board, in its discretion, denied Kuilan credit for his time spent at liberty on parole. *Id*. In response, Kuilan filed an administrative remedies form challenging the timeliness of the revocation proceedings. *Id*. at 93. In its Order, the Board found the revocation hearing was timely. The Board explained:

> The record reveals . . . Kuilan was found guilty on April 4, 2023 in the Northampton County Court of Common Pleas . . . . Testimony from

2

the record indicated that supervision staff received official verification of said conviction on July 5, 2023. Following receipt of the official verification, a non-panel revocation hearing was conducted 56 days later on August 30, 2023. Thus, the revocation hearing is deemed timely.

*Id*. at 96. Therefore, the Board, determining no grounds existed for administrative relief, affirmed its Decision. *Id*. at 97.

Kuilan now petitions this Court for review. Kuilan argues the Board erred by overruling his objection to the timeliness of his revocation hearing. Kuilan's Br. at 4. Kuilan submits "his constitutional protections to due process of law were violated by the Board's failure to provide him with a hearing within 120 days of his conviction." *Id*. at 10. Additionally, Kuilan contends the Board failed to meet its burden of proving his revocation hearing was timely because "it verified the existence only of the sentencing order which was entered more than two months after the conviction." *Id*. at 9. In response, the Board asserts it timely held Kuilan's revocation hearing because Kuilan "was confined outside of the jurisdiction of the Department of Corrections after he was arrested and at the time of his conviction and was not returned to [an SCI] until after the conviction was verified on July 5, 2023." Board's Br. at 7.

## DISCUSSION

Our review of the Board's Order is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether it violated constitutional rights. *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016). Where a parolee challenges the timeliness of a parole revocation hearing, the Board has the burden of proving by a preponderance of the evidence that it timely held the hearing. *Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 33, 50 (Pa. Cmwlth. 2007).

3

The Board's power to detain and recommit parolees is subject to constitutional restraints. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). "There is no question that one of the minimal due process rights to which parolees are entitled is the disposition of their parole violation charges within a reasonable time." *Carr v. Pa. Bd. of Prob. & Parole*, 494 A.2d 1174, 1176-77 (Pa. Cmwlth. 1985) (citing *Morrissey*, 408 U.S. at 488). The Board has promulgated regulations governing how and when revocation hearings must be conducted in compliance with due process requirements. Specifically, Section 71.4(1) of the Board's regulations govern the timeliness of a parole revocation hearing. 37 Pa. Code 71.4(1). This section provides:

> (1) A revocation hearing shall be held within 120 days from the date the Board **received official verification** of the plea of guilty or nolo contendere or **of the guilty verdict** at the highest trial court level except as follows:
>
> > (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.
> >
> > (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa. Code § 71.4(1)(i)-(ii) (emphasis added). The Board's regulations define "official verification" as the "[a]ctual receipt by a parolee's supervising parole agent

of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

Here, Kuilan argues the Board failed to provide him with a revocation hearing within 120 days of his conviction, but the Board's regulation clearly provides the Board must hold a hearing within 120 days of its receipt of **official verification** of a parolee's conviction, not the conviction itself. Agent testified he received official verification of Kuilan's new criminal conviction on July 5, 2023. Moreover, the record contains common pleas' orders regarding the jury's guilty verdict and sentencing which Agent entered as evidence at the revocation hearing. Common pleas' clerk certified, signed, and dated both orders on July 5, 2023.[1] *See* C.R. at 53-55. Agent's testimony and the copies of the orders common pleas' clerk certified on July 5, 2023, provide substantial support for the Board's finding that it received official verification of Kuilan's new criminal conviction on July 5, 2023. Therefore, the Board had 120 days from July 5, 2023, or until November 2, 2023, to hold Kuilan's revocation hearing. Because the Board held Kuilan's revocation hearing within 120 days of receiving the official verification of Kuilan's conviction, the hearing was timely.[2]

---

[1] The record does not support Kuilan's assertion that the Board verified only the existence of the sentencing order. *See* Kuilan's Br. at 9. Agent's testimony indicated he received the "official verification notice" on July 5, 2023, and the exhibits included (1) common pleas' order indicating the jury returned a verdict of guilty on all charges, revoking bail, and requesting a "PSI," or pre-sentence investigation, and (2) common pleas' sentencing order. C.R. at 53-55.

[2] The Board timely held Kuilan's revocation hearing based on its receipt of official verification of his conviction and, therefore, we need not address the parties' assertions regarding his county confinement, waiver of his panel hearing, and availability to the Board because those arguments pertain to the exceptions in Section 71.4 of the Board's regulations. *See* 37 Pa. Code 71.4(1)(i)-(ii). Were we to reach Kuilan's argument that his waiver of his panel hearing meant the Board **(Footnote continued on next page…)**

5

**CONCLUSION**

Based on the foregoing, the Board held a timely revocation hearing. Discerning no error by the Board, we affirm the Board's Order.

_____
STACY WALLACE, Judge

---

failed to timely hold his revocation hearing, his argument would not prevail. Under Section 71.4(1) of the Board's regulations, where a "parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel . . ., the revocation hearing shall be held within 120 days of the official verification of the return of the parolee" to state custody. 37 Pa. Code 71.4(1)(i). Further, a county-confined parolee "who has waived the right to a revocation hearing by a panel . . . shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver." 37 Pa. Code 71.4(1)(ii). Here, the record demonstrates Kuilan waived his right to a panel hearing on July 7, 2023. C.R. at 47. Thus, under Section 71.4(1)(i)-(ii) of the Board's regulations, the Board would have had 120 days from July 7, 2023, to hold a revocation hearing. The Board held the revocation hearing 54 days after Kuilan waived his panel hearing. Therefore, we still would have concluded the Board timely held the hearing.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Kuilan, : 
               Petitioner : 
                                           : 
       v. : No. 776 C.D. 2024 
                                           : 
Pennsylvania Parole Board, : 
               Respondent : 

# **O R D E R**

**AND NOW**, this 10th day of November 2025, the Pennsylvania Parole Board's May 23, 2024 order is **AFFIRMED**.

 

_____

STACY WALLACE, Judge