IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael M. Allah,                                    :
                            Petitioner              :
                                                     :    No.  1429 C.D. 2018
          v.                                         :
                                                     :    Submitted:  April 5, 2019
Pennsylvania Board of                                :
Probation and Parole,                                :
                            Respondent              :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                  FILED:  May 15, 2019


          Michael M. Allah (Petitioner) petitions for review of the October 29, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and affirming its previous orders dated July 26, 2018, and September 24, 2018, which recommitted Petitioner as a convicted parole violator to serve six months' backtime, when available, and recalculated his parole violation maximum sentence date.

          The underlying facts are not in dispute and have been established by the record herein.  On January 21, 2014, Petitioner pleaded guilty to a charge of retail theft and was sentenced to a term of incarceration of one year, six months to five years.  At that time, Petitioner's parole violation maximum sentence date was calculated to be October 10, 2018.  Petitioner was released on parole on May 31, 2016, with a special

condition that Petitioner enroll in an outpatient drug/alcohol treatment program. After reporting to his parole agent, Petitioner submitted to urinalysis testing which returned a positive result for cocaine. The parole agent directed Petitioner to report to an intensive outpatient program. Petitioner complied and entered a program provided by NHS Services on June 21, 2016.

On August 1, 2016, Petitioner again tested positive for cocaine. The parole agent directed Petitioner to report to Gaudenzia DRC, a drug addiction treatment center. While at Gaudenzia DRC, Petitioner was uncooperative and twice tested positive for illegal substances, including cocaine. As a result of his lack of progress, Petitioner was unsuccessfully discharged from Gaudenzia DRC on November 8, 2016. Petitioner transitioned to Kintock Erie, another substance abuse treatment center, and was successfully discharged from this program on January 9, 2017. However, two days later, Petitioner reported to the Board's Chester District Office and again tested positive for cocaine and opiates. The Chester District Office increased Petitioner's reporting requirements and subsequent urinalysis testing on January 30, 2017, and February 7, 2017, reported negative results.

Nevertheless, during a visit to the Chester District Office on March 23, 2017, he once again tested positive for cocaine. The Chester District Office thereafter directed Petitioner to report to the Community Education Center (CEC)-Luzerne, a pre-release correctional facility. Petitioner was successfully discharged from CEC-Luzerne on June 1, 2017. He reported to the Chester District Office the following day and tested negative for any controlled substances.

Three weeks later, on June 22, 2017, Petitioner was arrested by the Folcroft Police Department and charged with retail theft, receiving stolen property, theft by unlawful taking or disposition, and use/possession of drug paraphernalia. The

last charge resulted from a search of Petitioner's person following his arrest, during which officers discovered a glass pipe with burnt ends and a burnt brillo pad, which are commonly associated with smoking crack cocaine. That same day, the Board issued a warrant to commit and detain Petitioner. On July 3, 2017, the Board provided Petitioner with a notice of charges and a hearing scheduled for July 17, 2017, relating to his detention pending resolution of the new criminal charges. However, this hearing was continued multiple times at the request of Petitioner in order to secure representation by counsel.

In the meantime, Petitioner pleaded nolo contendere to the retail theft charge on May 8, 2018, in the Court of Common Pleas of Delaware County (Common Pleas Court). Pursuant to an agreement with prosecutors, the remaining three charges were dismissed. The Common Pleas Court sentenced Petitioner to a term of incarceration of 6 to 23 months. In its certification of imposition of judgment of sentence, the Common Pleas Court specified that Petitioner was "good time credit eligible & re-entry plan eligible credit from 6-22-17. Prison to calculate good time credit." (Certified Record (C.R.) at 63.)

Petitioner was returned to Board custody on May 22, 2018, and confined to the State Correctional Institution at Graterford (SCI-Graterford). The Board had scheduled a parole revocation hearing at SCI-Graterford on June 20, 2018. However, Petitioner, now represented by counsel from the Montgomery County Public Defender's Office, requested a continuance and a panel revocation hearing. The Board granted the continuance and scheduled and held a panel revocation hearing on July 10, 2018. At this hearing, Petitioner's parole agent submitted into evidence, without objection, a certified sentencing sheet from the Common Pleas Court reflecting Petitioner's conviction for retail theft. Petitioner acknowledged this conviction. The

3

panel ultimately recommended that Petitioner be recommitted as a convicted parole violator to serve six months' backtime, with partial credit to Petitioner for his time spent at liberty on parole from November 8, 2016, to January 9, 2017, and March 23, 2017, to June 1, 2017.[1]

By order dated July 26, 2018, the Board recommitted Petitioner as a convicted parole violator to serve six months' backtime when available pending parole or completion of the sentence imposed by the Common Pleas Court. The Board also recalculated Petitioner's parole violation maximum sentence date to be July 11, 2020, which included a partial credit of 132 days for his time spent at liberty on parole as noted by the panel. Petitioner thereafter timely filed an administrative remedies form challenging the calculation of his sentencing credit and the recalculation of his parole violation maximum sentence date. More specifically, Petitioner alleged that the Board should have awarded him credit from November 14, 2017, the purported expiration of his minimum Common Pleas Court sentence, to August 23, 2018, the date he filed his administrative remedies form. Petitioner also sought credit for the time he spent at Gaudenzia DRC, from August 1, 2016, until November 8, 2016. Additionally, Petitioner alleged that the Board misstated his return to custody date as July 12, 2018, when it should have been May 22, 2018. Finally, Petitioner alleged that the Board improperly extended his parole violation maximum sentence date.

While Petitioner's request for administrative relief was pending, and upon the motion of Petitioner, the Common Pleas Court issued a sentencing clarification stipulation and order dated September 17, 2018, explaining that Petitioner's "time served credit for his six (6) to twenty-three (23) month county sentence include[d] the period from June 22, 2017[,] to November 16, 2017, his good time calculation date."

---

[1] These time periods reflect Petitioner's successful completion of programs at Kintock Erie and CEC-Luzerne.

4

(C.R. at 96.) The Common Pleas Court also indicated in this order that the "balance of [Petitioner's] incarceration time from November 17, 2017[,] forward [was] available to be applied to [Petitioner's] parole back time sentence." *Id.*

The Board issued a second decision dated September 24, 2018, stating that it awarded Petitioner only partial credit for his time spent at liberty on parole because of his unresolved drug problems and his new conviction being the same or similar to his original offense. However, the Board did acknowledge that it incorrectly identified Petitioner's return to custody date as July 12, 2018, in its previous order, which resulted in a new parole violation maximum sentence date calculation of May 7, 2020. Petitioner thereafter filed another administrative remedies form again challenging the Board's failure to credit him for time served as noted in his previous administrative appeal, as well as the Board's purported illegal extension of his parole violation maximum sentence date.

By response mailed October 29, 2018, the Board affirmed its previous orders and denied Petitioner his requested administrative relief. The Board explained that Petitioner was not available to re-start service of his original sentence at the time it issued its July 26, 2018 decision because it was waiting for information regarding his parole from, or completion of, his Common Pleas Court sentence. The Board also stated that Petitioner's parole violation maximum sentence date was properly recalculated, without any further explanation. Petitioner then filed a petition for review with this Court.

On appeal,[2] Petitioner argues that the Board improperly recalculated the judicially imposed maximum sentence date to May 7, 2020, and failed to properly

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were

allocate credit for his Common Pleas Court sentence and his time spent at liberty on parole. We disagree with Petitioner's arguments.

With respect to the recalculation of his maximum sentence date, Petitioner argues that the Board does not have the authority to alter a judicially imposed sentence and that any detention beyond the original maximum sentence date constitutes cruel and unusual punishment. However, both our Supreme Court and this Court have previously considered and rejected such arguments. *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980); *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979); *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295 (Pa. Cmwlth. 1989); *Bellamy v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 439 C.D. 2014, filed May 7, 2015).[3]

With respect to credit, our Supreme Court has held that "where an offender is incarcerated on both a Board detainer and new criminal charges, **all** time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003) (emphasis added). Petitioner acknowledges that a convicted parole violator, such as himself, must serve his new sentence and the balance of his original sentence consecutively. *See* Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a)(5); *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016).

---

supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

[3] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

In this case, Petitioner seeks credit from November 14, 2017, the purported expiration of his minimum Common Pleas Court sentence. However, Petitioner neglects the fact that he remained incarcerated on this sentence in the Delaware County Prison until May 22, 2018, on which date he was returned to the custody of the Board. Thus, Petitioner's period of confinement from his arrest on June 22, 2017, until his return to Board custody on May 22, 2018, did not exceed his total sentence on the new criminal conviction for retail theft, *i.e.*, 23 months. The Common Pleas Court's September 17, 2018 sentencing clarification stipulation and order attempts to improperly modify its original sentencing order to reflect a sentence of time served from June 22, 2017, to November 16, 2017, and suggests that Petitioner became available to serve his original sentence on November 17, 2017. However, again, Petitioner remained incarcerated as a result of the Common Pleas Court's sentence until May 22, 2018, and there is nothing to indicate that the Common Pleas Court paroled Petitioner on November 16, 2017, or anytime thereafter. As a result, Petitioner was not available to begin serving the remainder of his original sentence until May 22, 2018, and any period of incarceration prior thereto must be credited against the Common Pleas Court's sentence.

Moreover, section 6138(a)(2.1) of the Prisons and Parole Code, added by the Act of July 5, 2012, P.L. 1050, 61 Pa.C.S. §6138(a)(2.1), provides as follows:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under

42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

Petitioner appears to argue that unless either of these two exceptions are met, the Board must award credit. However, Petitioner misconstrues the statute. Section 6138(a)(2.1) vests the discretion in the Board to award credit. The Board exercised its discretion and refused to award Petitioner credit for his time spent at Gaudenzia DRC. In its September 24, 2018 decision, the Board explained that it opted to award partial credit to Petitioner for the stated reasons of his unresolved drug problems and the fact that his new conviction was the same or similar to his original offense. Contrary to Petitioner's argument, the Board's decision complied with the "basic notions of due process" and set forth the reasons for denying full credit to Petitioner as required by our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017).

Accordingly, because the Board did not err in awarding Petitioner only partial credit or in recalculating his parole violation maximum sentence date, the Board's order must be affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael M. Allah,                :
        Petitioner       :
                    :  No. 1429 C.D. 2018
      v.                 :
                    :
Pennsylvania Board of      :
Probation and Parole,      :
        Respondent    :

## *ORDER*

AND NOW, this 15th day of May, 2019, the order of the Pennsylvania Board of Probation and Parole, mailed October 29, 2018, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge