J-S43034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH GILBERT THOMPSON | : | |
| | : | |
| Appellant | : | No. 853 EDA 2022 |

Appeal from the PCRA Order Entered February 22, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001901-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 7, 2023**

Appellant Elijah Gilbert Thompson appeals from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant contends that the PCRA court erred by dismissing his petition as untimely.  Appellant's PCRA counsel, Robert Patterson, Esq. (PCRA counsel) has filed a petition to withdraw and a ***Turner*/*Finley***[2] brief.  We affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

On August 28, 2019, Appellant entered a negotiated guilty plea to resisting arrest and disorderly conduct.  That same day, the trial court sentenced Appellant to an aggregate term of three to twelve months'

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

incarceration.[3]  Appellant did not file a post-sentence motion or a direct appeal.[4]

Appellant filed his first *pro se* PCRA petition on March 23, 2021.  Therein, Appellant argued that his arrest was illegal and violated his Fourth Amendment rights.  Further, Appellant checked a box on the pre-printed PCRA petition form which asserted that his petition was timely under the newly discovered facts exception to the PCRA's one year time-bar.  Appellant did not allege any facts in support of his timeliness claim.  The PCRA court appointed Brian Monahan, Esq. to represent Appellant.  On June 17, 2021, Attorney Monahan filed a **Turner**/**Finley** no-merit letter contending that Appellant's *pro se* PCRA petition was untimely filed.

Appellant filed a *pro se* notice of appeal on June 24, 2021, which this Court docketed at 1260 EDA 2021.  Attorney Monahan filed a petition to strike that appeal with this Court, arguing that the appeal was premature.  On

_____

[3] The trial court ordered that Appellant's aggregate sentence in this matter would run concurrently to any other sentence Appellant was currently serving. **See** Sentencing Order, 8/28/19.  However, when an individual on state parole is convicted of a new offense and sentenced to serve a term of incarceration in a county jail, the parolee must serve the new sentence before being recommitted to serve his backtime following the revocation of his parole. **See** 61 Pa.C.S. § 6138(a)(5)(iii); **see also Kerak v Pennsylvania Bd. of Prob. & Parole**, 153 A.3d 1134, 1141 (Pa. Cmwlth. 2016) (*en banc*) (observing that under Section 6138, a parolee's new sentence cannot run concurrently with his backtime).

[4] Our review of the record indicates that on October 5, 2020, Appellant filed a *pro se* motion captioned "sentencing clarification" seeking credit for time served.  The trial court denied that motion on October 8, 2020.

August 11, 2021, this Court granted Attorney Monahan's petition and quashed the appeal as interlocutory. Order, 1260 EDA 2021, 8/11/21. This Court remanded the record to the PCRA court on September 24, 2021.

On October 5, 2021, Appellant filed a *pro se* response to Attorney Monahan's **Turner**/**Finley** letter captioned as an "objection" and a second *pro se* PCRA petition.[5] Therein, Appellant argued that he filed a timely post-sentence motion seeking to withdraw his guilty plea and a notice of appeal, which the trial court clerk either never received or did not docket. Resp. to No-Merit Ltr., 10/5/21, at 5-6. The PCRA court subsequently issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition, but Appellant did not file a response.[6]

The PCRA court then appointed Attorney Patterson to replace Attorney Monahan as Appellant's PCRA counsel on October 19, 2021.[7]

_____

[5] Appellant captioned his second PCRA petition as a "motion to amend" his first *pro se* PCRA petition. The PCRA court did not grant Appellant permission to amend his first PCRA petition. **See** Pa.R.Crim.P. 905(A). Therefore, the PCRA court properly treated Appellant's October 5, 2021 "motion to amend petition" as a second *pro se* PCRA petition instead of as an amended first PCRA petition. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012). We address Appellant's appeals related to his second PCRA petition in separate memorandums filed at Superior Court dockets 1466 EDA 2022 and 1859 EDA 2022, respectively.

[6] Although the PCRA court's Rule 907 notice was dated October 1, 2021, the docket reflects that the PCRA court served Appellant with notice of that order on October 11, 2021.

[7] Appellant also filed a *pro se* petition for writ of error *coram nobis* on December 8, 2021, and a brief in support on December 13, 2021. The PCRA
*(Footnote Continued Next Page)*

- 3 -

On February 22, 2022,[8] the PCRA court dismissed Appellant's first PCRA petition without a hearing. Appellant filed a timely notice of appeal *pro se*.[9] PCRA counsel did not file a Pa.R.A.P. 1925(b) statement or statement of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4).[10] The PCRA court filed a Rule

---

court forwarded these filings to PCRA counsel on December 30, 2021. **See** Pa.R.Crim.P. 576(A)(4); **see also Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011) (explaining that that a criminal defendant is not permitted to engage in hybrid representation by submitting *pro se* filings while represented by counsel).

[8] We note that although the PCRA court's order dismissing Appellant's PCRA petition was time-stamped and entered on the docket on February 16, 2022, the docket entries reflect that the PCRA court served Appellant with a copy of this order on February 22, 2022. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

[9] Although Appellant was represented by counsel when he filed his *pro se* notice of appeal, the general prohibition against hybrid representation does not apply to a timely *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (explaining that because a notice of appeal protects constitutional rights, it is distinguishable from other filings that require counsel, and this Court is required to docket a *pro se* notice of appeal despite the appellant being represented by counsel).

[10] Appellant filed a *pro se* court-ordered Pa.R.A.P. 1925(b) statement claiming that the trial court failed to docket his post-sentence motion and notice of appeal from his judgment of sentence and the PCRA court erred in dismissing his PCRA petition without a hearing. However, this statement violates the prohibition against hybrid representation, therefore it is a legal nullity. **See Williams**, 151 A.3d at 623.

1925(a) opinion concluding that Appellant's PCRA petition was untimely. *See* PCRA Ct. Op., 4/28/22, at 6.

On July 4, 2022, PCRA counsel filed a *Turner*/*Finley* brief and a petition to withdraw with this Court. Appellant did not file a response.

Initially, we must consider whether PCRA counsel met the technical requirements for withdrawing from representation. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). As this Court has explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed. . . . under [*Turner* and *Finley*] and. . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
>                                                \*    \*    \*
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

Here, PCRA counsel detailed his review of the case, evaluated the issues identified by Appellant, and concluded that Appellant's PCRA petition is untimely. *Turner*/*Finley* Brief at 9-16. PCRA counsel also provided Appellant

with a copy of the **Turner**/**Finley** brief and the petition to withdraw, as well as a letter advising Appellant of his right to proceed *pro se* or with privately retained counsel.[11] PCRA Counsel's Ltr., 7/4/22. Therefore, we conclude that PCRA counsel has complied with the requirements necessary to withdraw as counsel. **See Muzzy**, 141 A.3d at 510-11.

In the **Turner**/**Finley** brief, PCRA counsel observes that the PCRA petition is facially untimely. **Turner**/**Finley** Brief at 14. PCRA counsel also notes that Appellant argued that his petition is timely under both the government interference and newly discovered facts exceptions to the PCRA's one year time-bar. **Id.** at 11-16. PCRA counsel explains that Appellant cannot establish either the governmental interference or newly discovered facts exceptions to the PCRA's time-bar because Appellant failed to offer any evidence in support of these exceptions. **Id.** at 15. Additionally, PCRA counsel contends that Appellant cannot establish that he exercised due diligence in obtaining the information upon which his claims are based. **Id.** at 15-16. PCRA counsel notes that in his *pro se* filings Appellant alleged that he attempted to file a post-sentence motion to withdraw his guilty plea and a notice of appeal after he learned that he would not receive immediate parole

_____

[11] PCRA counsel's **Turner**/**Finley** brief fails to include a copy of the PCRA court's opinion or Appellant's *pro se* Rule 1925(b) statement, as required under Pa.R.A.P. 2111(a)(10) and (11). Although we do not condone these defects, they do not prevent effective appellate review in this case. Therefore, we will address the issue as raised in the **Turner**/**Finley** brief. **See**, **e.g.**, **Commonwealth v. Sauers**, 159 A.3d 1, 5 n.3 (Pa. Super. 2017).

to serve his separate sentence for his state parole violation. *Id.* PCRA counsel reasons that Appellant was aware of his claim that the sentence violated the terms of his plea agreement in September of 2019, which was the deadline to file a timely direct appeal. *Id.* Therefore, PCRA counsel concludes that the PCRA petition is untimely and none of the statutory timeliness exceptions apply.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). Further, "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Chimenti*, 218 A.3d 963, 974 (Pa. Super. 2019) (citation and quotation marks omitted). Lastly, the timeliness exceptions must be raised in the petition itself and not in a subsequent filing. *See, e.g.*, *Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super. 2007) (concluding that because the defendant raised the PCRA's timeliness exceptions for the first time in his response to the PCRA court's Rule 907 notice, he waived those claims).

"The proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with [the petitioner's] ability to present his claim and whether [the petitioner] was duly diligent in seeking the facts on which his claims are based." *Chimenti*, 218 A.3d at 975 (citation and quotation marks omitted).

To establish the newly discovered fact exception to the PCRA time-bar, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Brown**, 111 A.3d at 176-77 (citation omitted and formatting altered). A petitioner raising this exception "must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Id.** at 176 (citations omitted). However, Section 9545(b)(1)(ii) "does not require any merits analysis of an underlying after-discovered-evidence claim." **Id.** at 177 (citation and footnote omitted).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Id.** at 176 (citation omitted). However, "[d]ue diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016) (citation omitted).

Here, the PCRA court concluded that Appellant failed to meet the requirements for the newly discovered fact exception to the PCRA time-bar. Specifically, the PCRA court explained:

> [Appellant] was sentenced on August 28, 2019. [Appellant] did not file any post-sentence motions. Therefore [Appellant's] sentence became final on September 2[7], 2019. PCRA petitions must be filed within one year of the date upon which the judgment becomes final, absent applicable statutory exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). [Appellant] filed the *pro se* PCRA petition at issue on March 23, 2021 and there are no applicable exceptions. **See id.** Therefore, we respectfully suggest that [Appellant's] appeal lacks merit and should be dismissed.

PCRA Ct. Op. at 6.

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant's petition was facially untimely and that he failed to establish an exception to the PCRA time-bar. **See Lawson**, 90 A.3d at 4. Appellant's judgment of sentence became final on September 27, 2019, the date on which the time to file a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(c)(3) (requiring that when no post-sentence motion has been filed, a notice of appeal to Superior Court must be filed within thirty days of the imposition of the judgment of sentence in open court). Accordingly, the deadline to file a timely PCRA petition was September 28, 2020.[12] **See** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's instant PCRA petition, filed on March 23, 2021, is facially untimely.

In his pre-printed PCRA petition, Appellant checked a box indicating that his petition was timely under the newly discovered facts exception set forth in Section 9545(b)(1)(ii). **See** Pro Se PCRA Pet., 3/23/21, at 3. However, Appellant failed to plead any facts to support that specific timeliness exception. Further, Appellant failed to allege how in the exercise of the required due diligence he did not uncover these facts earlier. **See id.** Therefore, Appellant has failed to meet his burden of establishing his

---

[12] September 27, 2020 was a Sunday. **See generally** 1 Pa.C.S. § 1908.

- 10 -

entitlement to the newly discovered fact exception to the PCRA time bar.[13]
*See Chimenti*, 218 A.3d at 974; *Brown*, 111 A.3d at 176-77.

Additionally, our independent review of the record has not revealed any other issues of merit. *See Muzzy*, 141 A.3d at 510-11. For these reasons, we affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023

---

[13] As stated above, in Appellant's response to Attorney Monahan's *Turner*/*Finley* letter, Appellant asserted that his PCRA petition was timely because his post-sentence motion to withdraw his guilty plea and his notice of appeal from his judgment of sentence were never docketed. *See* Resp. to No-Merit Ltr., 10/5/21, at 5-6. To the extent Appellant argues that this supposed breakdown in the operations of the trial court satisfies the government interference exception, the newly discovered facts exception, or both, this claim is waived because it was not raised in Appellant's PCRA petition. *See Derrickson*, 923 A.2d at 468-69.

Even if not waived, Appellant cannot establish either timeliness exception because vague allegations without any supporting evidence do not satisfy Appellant's obligation to plead and prove the statutory timeliness exceptions. *See, e.g.*, *Commonwealth v. Yarris*, 731 A.2d 581, 588 (Pa. 1999); *Commonwealth v. Allison*, 235 A.3d 359, 364 (Pa. Super. 2020).