IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joshua Deandre Kelly, | : | |
| Petitioner | : | |
| | : | No. 426 C.D. 2022 |
| v. | : | |
| | : | Submitted: January 27, 2023 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE STACY WALLACE, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: January 26, 2024

    Joshua Deandre Kelly (Petitioner) petitions for review of the April 15, 2022 decision and order of the Pennsylvania Parole Board (Board) denying his challenge to the Board's order that committed him as a convicted parole violator (CPV) to serve 18 months' backtime[1] and recalculated his maximum sentence date without award of credit for time spent at liberty on parole. Upon review, we affirm.

**Facts and Procedural History**

    Petitioner was found guilty in the Court of Common Pleas of the 39th Judicial District, Franklin County branch (trial court) of fleeing or attempting to elude a police officer, reckless endangerment and resisting arrest. On October 24, 2012, he was sentenced to serve an aggregate term of two years and three months to

---

[1] "Backtime" is defined as "the unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." Section 61.1 of the Board's regulations, 37 Pa. Code § 61.1.

nine years of incarceration. Petitioner's minimum release date was January 4, 2015, with a maximum date of October 4, 2021.

Petitioner was released on parole on January 5, 2015, after he executed a statement detailing the conditions of his parole, including that he "refrain from owning or possessing any firearms or other weapons[,]" and that he "SHALL NOT POSSESS AMMUNITION UNDER ANY CONDITION OR FOR ANY REASON." (Certified Record (C.R.) at 9, 11) (emphasis original). Petitioner was also advised that if he was "convicted of a crime while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit [him] to serve the balance of the sentence or sentences which [he was] serving when paroled/reparoled, **with no credit for time at liberty on parole**." (C.R. at 9) (emphasis added).

On February 5, 2019, Petitioner was arrested on a new charge of possession of a firearm by a convict in Harford County, Maryland. In that case, sheriff's deputies recovered a loaded semi-automatic pistol from Petitioner's jacket during a traffic stop of his motorcycle. On April 26, 2019, the Board issued an interstate warrant for Petitioner's arrest for the parole violation, to ensure that he was returned to Pennsylvania custody after resolution of the new charge in Maryland.

On July 23, 2019, Petitioner entered a guilty plea in the Circuit Court of Harford County to the firearms offense. He was sentenced to a term of five years' incarceration to be served "concurrent with any other outstanding or unserved sentence." (C.R. at 102.) Petitioner finished serving his Maryland sentence on June 8, 2021, and he was returned to Pennsylvania custody for the first time since his January 2015 release.

The Board held a parole revocation hearing on August 13, 2021, at which Petitioner was represented by counsel. On October 7, 2021, the Board issued

a Notice of Decision revoking Petitioner's parole and recommitting him as a CPV to serve 18 months' backtime based on the Maryland firearms conviction (Decision). The Board declined to award Petitioner credit for the time he spent at liberty on parole, because he "committed a new offense involving possession of a weapon." (C.R. at 92.) The Board entered an Order to Recommit, with a recomputed maximum parole date of March 7, 2028.

On November 1, 2021, the Board received Petitioner's *pro se* administrative appeal challenging its Decision. Petitioner raised several issues, including that the Board failed to honor the terms of the Maryland order concerning the concurrent nature of his sentence and that it erred in declining to credit him for the time spent at liberty on parole.[2] (C.R. at 99-100.) The Board issued a letter on April 15, 2022, addressing Petitioner's claims and affirming its Decision. In doing so, the Board found that it properly exercised its discretion to deny Petitioner credit for street time where his new conviction involved possession of a weapon. It also noted that Petitioner was advised of this potential penalty when he was initially released on parole by way of the contemporaneous document that he signed outlining the conditions. As to the effect of the Maryland sentence, the Board explained:

> Based on the facts [of this case] and the Board's decision to deny you credit for the time spent at liberty on parole based on your recommitment as a CPV [] this means that you owed 2464 days remaining on your original sentence based on the recommitment. No pre-sentence credit was awarded as there is no indication the Board held you solely on its warrant prior to sentencing. This means you still owed 2464 days on your original sentence based on the recommitment. Because you were sentenced to a new

---

[2] "The time a parolee spends at liberty on parole is also referred to as 'street time.'" *Plummer v. Pennsylvania Board of Probation & Parole*, 216 A.3d 1207, 1209 n.1 (Pa. Cmwlth. 2019).

3

carceral term in another jurisdiction, the Prisons and Parole Code provides that you must serve your original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision is contingent on the other entity surrendering you to Pennsylvania custody. Because that did not occur until June 8, 2021, you therefore are not entitled to credit on your original sentence until that date *despite the judge ordering your sentence to be served concurrently*. The Board is not authorized to run these sentences concurrently. Thus, adding 2464 days to June 8, 2021 yields a recalculated maximum date of March 7, 2028.

(C.R. at 128) (case citation omitted; emphasis in original). This counseled appeal followed.

## Discussion

On appeal,[3] Petitioner argues that the Board erred in failing to honor the terms of his Maryland sentence in recommitting him to serve 18 months of backtime on his original sentence. He also challenges the Board's decision to deny credit for time spent at liberty on parole.[4]

## Credit for Time Served on Maryland Sentence

In his first issue, Petitioner contests the Board's decision not to implement the terms of his Maryland sentence, which directed that it run "concurrent with any other outstanding or unserved sentence." (Petitioner's Br., at 11-13.) Petitioner maintains that, because of this directive, the Board was required to grant

---

[3] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Brown v. Pennsylvania Board of Probation & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

[4] While Petitioner raised a plethora of issues in his *pro se* filings before the Board, his counsel abandons several of these claims as meritless in his brief to this Court. (Petitioner's Br., at 11.)

him credit for the time he served on his Maryland sentence before he was returned to Pennsylvania custody.

Section 6138(a) of the Prisons and Parole Code[5] governs the order in which new sentences and backtime are served and provides that if a *"parolee is sentenced to serve a new term of total confinement* by a Federal court or *by a court of another jurisdiction* because of a verdict or plea under paragraph (1), the parolee *shall serve the balance of the original term before serving the new term."* 61 Pa. C.S. § 6138(a)(5.1).[6] Therefore, "once a parolee is recommitted as a convicted parole violator, the original sentence and any new sentences must be served consecutively rather than concurrently." *Kerak v. Pennsylvania Board of Probation & Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016). "A sentencing judge has no authority to order otherwise." *Id.*

Additionally, with respect to Petitioner's specific argument that the Board was required to honor the terms of his Maryland sentence, it is "well settled [] that one sentencing jurisdiction cannot tell another sentencing jurisdiction that time spent in its state prison will count against a sentence imposed by that other state." *Santiago v. Pennsylvania Board of Probation & Parole*, 937 A.2d 610, 614 n.11 (Pa. Cmwlth. 2007) (citing *Vance v. Pennsylvania Board of Probation and Parole*, 741 A.2d 838 (Pa. Cmwlth. 1999)). Accordingly, the Board was under no obligation to implement the terms of the Maryland order, especially given the conflict with controlling Pennsylvania law on this issue. Based on the foregoing, we

---

[5] 61 Pa. C.S. §§ 101–3316.

[6] Section 6138(a)(1) states: "The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury . . . in a court of record." *Id.*

conclude that the Board did not err in complying with the mandate of Section 6138(a), notwithstanding the Maryland court's order to the contrary.

## Credit for Time Spent at Liberty on Parole

Next, Petitioner argues that the Board abused its discretion by failing to award him credit for the time he spent at liberty on parole. (Petitioner's Br., at 17-18.) He contends that, because his new criminal offense of possession of a firearm was not an act of violence as defined by Section 9714(g) of the Sentencing Code,[7] and was therefore not automatically excludible from award of street time, he should have received credit for that time.

Under Section 6138 of the Prisons and Parole Code, a recommitted CPV must generally serve the remainder of his sentence that he had not yet served at the time of his parole, without credit for street time. 61 Pa. C.S. § 6138(a)(2). However, Section 6138 "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," subject to certain enumerated exceptions. *Plummer*, 216 A.3d at 1211. That provision reads in relevant part as follows:

> (2.1) The board may, *in its discretion*, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

---

[7] This Section lists several violent offenses meeting the definition of "crime of violence" including murder of the third degree, voluntary manslaughter, aggravated assault, rape, kidnapping, and robbery. 42 Pa C.S. § 9714(g).

61 Pa. C.S. § 6138(2.1)(i) (emphasis added; footnotes omitted).

When exercising its discretion to deny credit for street time, the Board must provide a contemporaneous statement explaining the basis for its decision. *Pittman v. Pennsylvania. Board of Probation & Parole*, 159 A.3d 466, 475 (Pa. 2017). The Board's explanation does not have to be extensive, and a single sentence is sufficient under most circumstances. *Id.* at 475 n.12. When rendering a credit determination, "the Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances." *Plummer,* 216 A.3d at 1212.

Here, although Petitioner did not commit a crime of violence as defined by the Sentencing Code[8] and therefore was not automatically excluded from the award of street time, the Board retained discretion as to whether it was appropriate to grant credit for that time. The Board declined to award Petitioner credit because his new conviction for the crime he committed while he was on parole involved possession of a weapon. As outlined above, the conditions of his parole, of which he was advised and to which he agreed upon his release from incarceration, expressly barred him from possessing a firearm and/or any ammunition. When Petitioner was arrested in Maryland for the new offense, both of these prohibited items were found on his person. Petitioner was also informed at the time of his parole that any recommitment because of a new offense could result in no credit awarded for street time.

Based on the foregoing, we find that the Board appropriately applied the Prisons and Parole Code and followed *Pittman* by providing a reasonable,

---

[8] 42 Pa.C.S. §§ 9701-9799.75.

record-based rationale for its decision to deny Petitioner credit for street time. Accordingly, we affirm the Board's Order.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Deandre Kelly,           :
         Petitioner      :
                        :   No. 426 C.D. 2022
         v.           :
                        :
Pennsylvania Parole Board,    :
         Respondent   :

## *ORDER*

AND NOW, this 26th day of January, 2024, the Order of the Pennsylvania Parole Board dated April 15, 2022 is hereby AFFIRMED.

_____

PATRICIA A. McCULLOUGH, Judge